IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LANCE LAFEVERS                                                                                    PLAINTIFF

vs.                                               Civil No. 6:20-cv-06064

COMMISSIONER, SOCIAL                                                                 DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Lance Lafevers ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability application on April 25, 2017. (Tr. 10). In his application, Plaintiff alleges being disabled due to depression, degeneration of his lumbar discs, and tendonitis in multiple joints. (Tr. 202). Plaintiff alleges an onset date of January 17, 2011. (Tr. 10). This application was denied initially and again upon reconsideration. (Tr. 75-112).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 15. These references are to the page number of the transcript itself not the ECF page number.

Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 34-74).

On November 13, 2018, the ALJ held an administrative hearing.  (Tr. 34-74).  At this hearing, Plaintiff was present and was represented by counsel, Shannon Muse Carroll.  *Id.*  Plaintiff and Vocational Expert ("VE") Elizabeth Clem testified at this administrative hearing.  *Id.*  During this hearing, Plaintiff testified he had received an Associate's Degree from Arkansas Tech University.  (Tr. 40).  Plaintiff also testified he was fifty-two (52) years old, which is a "younger individual," on his date last insured.  *See* 20 C.F.R. § 404.1563(c) (2008).

On April 12, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application.  (Tr. 7-30). The ALJ determined Plaintiff last met the insured status requirements of the Act on December 31, 2017.  (Tr. 12, Finding 1).  The ALJ determined that through December 31, 2017, Plaintiff engaged in Substantial Gainful Activity ("SGA") during the following periods: January 2011 to January 2012.  (Tr. 13, Finding 2).  The ALJ also determined, however, that there had "been a continuous 12-month" time-period "during which the claimant did not engage in substantial gainful activity."  (Tr. 13, Finding 3).  Thus, the remainder of the ALJ's findings addressed that time-period.  *Id.*

Through his date last insured, the ALJ determined Plaintiff had the following severe impairments: coronary artery disease status post-stenting, hypertension, lumbar spine spondylosis, obesity, thyroid disease, attention deficit disorder, post-traumatic stress disorder, major depressive disorder, and anxiety disorder.  (Tr. 13, Finding 4).  Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 13-16, Finding

5).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 16-23, Finding 6). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except no climbing of ladders, ropes, and scaffolds; no more than occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching, and crawling; no exposure to concentrated fumes, odors, and gases; and no temperature extreme exposures of heat or cold in the workplace. The claimant was limited to simple, routine, and repetitive task jobs where supervision would be simple, direct, and concrete; limited to specific vocational preparation (SVP) level of 1-2 jobs that can be learned within 30 days; with no more than occasional changes to the workplace setting required; and no interaction with the general public required.

*Id.*

The ALJ determined through his date last insured, the claimant was unable to perform any of his Past Relevant Work ("PRW"). (Tr. 23, Finding 7). The ALJ then considered whether Plaintiff had the capacity to perform other work existing in significant numbers in the national economy. (Tr. 23-24, Finding 11). In making this determination, the ALJ relied upon the testimony of the VE. (Tr. 23-24, Finding 11). Specifically, the VE testified Plaintiff retained the capacity to perform work as an assembler (light, unskilled) with 200,000 such jobs nationally and hand packer (light, unskilled) with 320,000 such jobs nationally. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, at any time from January 17, 2011 (alleged onset date) through December 31, 2017 (date last insured). (Tr. 24, Finding 12).

Plaintiff requested the Appeal's Council's review of this unfavorable decision. (Tr. 1-3).

The Appeals Council denied this request on April 14, 2020.  (Tr. 1-3).  Thereafter, on June 18, 2020, Plaintiff appealed his administrative case to the Court.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on June 28, 2020.  ECF No. 5.  Both Parties have filed their appeal briefs, and this matter is now ripe for consideration.  ECF Nos. 17-18.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

      To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**    **Discussion:**

      In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 17 at 1-18. Specifically, Plaintiff raises two claims for reversal: (A) the ALJ erred in evaluating his mental RFC; and (B) the ALJ erred in evaluating his physical RFC. *Id.* In response, Defendant argues Plaintiff "fails to show how the record shows limitations beyond the ALJ's already restrictive RFC assessment of light work with postural,

5

environmental and mental limitations." ECF No. 18 at 1. The Court will address both of Plaintiff's claims.

### A. Mental RFC

Plaintiff argues the "ALJ erred in evaluating the medical opinion evidence when determining . . . [his] . . . mental RFC." ECF No. 17 at 3-14. Specifically, Plaintiff claims the ALJ improperly discounted the findings of his treating physician, Dr. Timothy English, M.D. *Id.* at 5. Plaintiff claims Dr. English "has been Plaintiff's primary care physician for over 20 years. Dr. English completed a mental RFC finding Plaintiff disabled." *Id.* Plaintiff also argues his "claim should be remanded to give proper weight to the opinion of Dr. English which has supportability, consistency and other factors enumerated above." ECF No. 17 at 14.

In his opinion, the ALJ fully considered Dr. English's opinions and discounted those opinions for the following reasons:

> Dr. English's opinion as to the claimant's ability to understand, remember, and carry out instructions is overstated and not consistent with the record because the claimant denied experiencing memory loss. . . . and had normal thought processes and thought content at examinations. . . . Dr. English's opinion related to the claimant's social limitations is also overstated and not consistent with the record because claimant had variable mood and affect and the claimant reported that he gets along with authority figures very well. . . . Dr. English's opinion was made in November 2018, which is long after the relevant consideration period. Dr. English asserted that his opinion is supported by his observations of the claimant's work stress when he was employed in his past jobs at two different banks and is also supported by MRIs and x-rays . . . however, Dr. English does not explain how the claimant's MRI and x-rays support his opinion on the claimant's ability to understand, remember, and carry out instructions as well as interact with others. For these reasons, the undersigned finds that Dr. English's opinion is not persuasive.

(Tr. 23).

Based upon this review, the Court finds no basis for reversal. Because this claim was filed

after March 27, 2017, the new regulation for evaluating a "treating source" applies. *See* 20 C.F.R. § 404.1520c (2017). Under this new regulation, the ALJ is directed to consider factors such as "supportability" and "consistency" when considering the opinions of a treating source. *See id.* With the analysis outlined above, the ALJ has considered these factors and has complied with this regulation. Indeed, the ALJ explicitly found "Dr. English's opinion . . . is also overstated and *not consistent*" and specifically referenced the supportability of his findings. (Tr. 23). Thus, the Court finds Plaintiff has not supplied a basis for reversing the ALJ's mental RFC determination.

### B. Physical RFC

Plaintiff argues the ALJ erred in evaluating his physical RFC because the ALJ's RFC determination did not "address Plaintiff's limitations with his hands due to his autoimmune disease and anxiety." ECF No. 17 at 14-17. In his RFC determination, however, the ALJ did include limitations of "no climbing of ladders, ropes, and scaffolds; no more than occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching, and crawling." (Tr. 16). These limitations appear to be directed at Plaintiff's hands.

Furthermore, the ALJ also included limitations for anxiety: "The claimant was limited to simple, routine, and repetitive task jobs where supervision would be simple, direct, and concrete; limited to specific vocational preparation (SVP) level of 1-2 jobs that can be learned within 30 days; with no more than occasional changes to the workplace setting required; and no interaction with the general public required." (Tr. 16).

Plaintiff argues the ALJ should have included additional limitations. However, Plaintiff does not point to any objective medical evidence that would support any further limitations. The mere fact Plaintiff has some abnormal findings or complaints of pain does not render him disabled

or create additional limitations. Here, the record shows that despite some complaints of pain, Plaintiff had normal physical examination and unremarkable diagnostic scans. (Tr. 407, 414, 417, 446, 451, 509, 594-95). Thus, Plaintiff failed to provide any evidence that would support any further limitations.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record. As such, this case is affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of June 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE